IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Deangelo Wooden, | ) | Civil Action No.:2:11-00981-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |

The Petitioner, a state prisoner, seeks habeas relief pursuant to 28 U.S.C. § 2254.

This matter is before the Court on the Respondent's Motion for Summary Judgment. (Dkt.

No. 26; see also Dkt. No. 25.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and

Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review the instant

petition for relief and submit findings and recommendations to the District Court.

The Petitioner brought this habeas action on or about April 21, 2011. (Dkt. No. 1.) On

November 10, 2011, the Respondent moved for summary judgment (Dkt. No. 26; see also

Dkt. No. 25.) By order filed November 14, 2011, pursuant to Roseboro v. Garrison, 528 F.2d

309 (4th Cir. 1975), the Petitioner was advised of the summary judgment dismissal

procedure and the possible consequences if he failed to adequately respond to the motion.

(Dkt. No. 28.)  Petitioner filed his Response in Opposition on or about December 13, 2011.

(Dkt. No. 29.)

## PROCEDURAL HISTORY

The Petitioner is currently confined at the McCormick Correctional Institution ("MCI").

Petitioner was indicted by the Aiken County Grand Jury for distribution of ***cocaine*** in

January of 2004. (See Dkt. No. 10-1 at 1 of 4.) On March 16, 2004, Petitioner, who was

represented by Regina Poteat, Esquire, waived presentment to the grand jury and pled

guilty to distribution of **crack cocaine**, third offense. (App. at 3-13.) The following day, the Honorable Reginald I. Lloyd sentenced Petitioner to eighteen years of incarceration. (App. at 19-20.)

Petitioner appealed and was represented on appeal by Eleanor Duffy Cleary, Esquire, of the South Carolina Office of Appellate Defense. (<u>See</u> Dkt. No. 25-2 at 48 of 58.) In an <u>Anders</u>[1] brief filed on August 10, 2005, appellate counsel argued that "appellant's guilty plea failed to comply with the mandates set forth in *Boykin v. Alabama*." (<u>See</u> Dkt. No. 25-2 at 51 of 58.) Ms. Cleary also filed a petition to be relieved as counsel. (Dkt. No. 25-2 at 55 of 58.) On or about September 1, 2005, Petitioner filed a "Pro-Se Brief of Appellant," wherein he argued the circuit court erred "in accepting appellant['s] guilty plea without first obtaining a written waiver." (Dkt. No. 25-5 at 4 of 6.)

On April 17, 2006, in an unpublished opinion, the South Carolina Court of Appeals dismissed Petitioner's appeal and granted counsel's petition to be relieved. <u>See State v. Wooden</u>, No. 2006-UP-208 (S.C. Ct. App. Apr. 17, 2006). The Court of Appeals issued the remittitur on May 3, 2006. (<u>See</u> Dkt. No. 25-7.)

On or about July 31, 2006, Petitioner filed an application for post-conviction relief ("PCR"). (<u>See</u> Dkt. No. 25-1.) In his application, he contended he was being held in custody unlawfully on the following grounds: (a) ineffective assistance of counsel, and (b) "plea of guilty not knowingly and voluntarily made." (Dkt. No. 25-1 at 32 of 62.) Petitioner set out the facts in support of these grounds in a Memorandum of Law in Support of Application for Post Conviction Relief. (<u>See</u> Dkt. No. 25-1 at 33-42 of 62.) In his memorandum, Petitioner stated as follows,

> Issue 1: Counsel was ineffective for allowing the applicant to plead guilty to "Distribution of Crack Cocaine" where there was a material variance between the allegations in the indictment and the proof presented at the guilty plea hearing, which rendered the applicant's plea of guilty not knowingly and voluntarily made.

---

[1] <u>Anders v. California</u>, 386 U.S. 738 (1967).

. . .

> Issue 2: Counsel was ineffective for failing to inform the applicant that the Court was required to obtain a written waiver of presentment instead of an oral waiver prior to accepting the applicant's plea of guilty, as required by S.C. Code Ann. §§ 17-23-130 and 17-23-140 (1985), which rendered the applicant's guilty plea not knowingly and intelligently made.

. . .

> Issue 3: Counsel was ineffective for allowing the applicant to plead guilty to distribution of crack cocaine when counsel knew the state failed to establish a complete chain of custody of the alleged illegal substance, which renders the applicant's plea of guilty not knowingly and voluntarily made.

(Dkt. No. 25-1 at 34-40 of 62.)

On December 18, 2008, an evidentiary hearing was held before the Honorable James C. Williams, Jr., (Dkt. No. 25-1 at 49-62 of 62; Dkt. No. 25-2 at 1-36 of 58.) Petitioner was present and represented by Amy Shumpert, Esquire. (See Dkt. No. 25-1 at 49 of 62.) In an order dated February 24, 2009, Judge Williams denied the application for post-conviction relief and dismissed the petition. (Dkt. No. 25-2 at 45-46 of 58.) In his order, Judge Williams noted that Petitioner raised an additional ground at the PCR hearing, contending that his guilty plea was involuntary because he "was under the influence of drugs and alcohol at the time of the plea and was therefore incompetent to enter a plea." (See Dkt. No. 25-2 at 38 of 58.)

On November 4, 2009, M. Celia Robinson, Esquire, of the South Carolina Commission on Indigent Defense filed a petition for writ of certiorari on behalf of the Petitioner. (See Dkt. No. 25-10.) Petitioner raised the following issues therein:

> 1. Did the PCR judge err in denying relief despite plea counsel's providing ineffective assistance of counsel in advising petitioner to waive presentment in order to enter a guilty plea to a crime he had not committed and which the State could not prove?

3

2. Did the PCR judge err in denying relief despite the fact that, as a result of the ineffective assistance of counsel, petitioner's guilty plea was not knowing or voluntary where petitioner was unaware that, if he went to trial, he would have been able to successfully challenge the prosecution's chain of custody for the cocaine seized?

3. Did the PCR judge err in denying relief despite petitioner's entry of an involuntary guilty plea as the result of ineffective assistance of counsel where petitioner was under the influence of alcohol and cocaine at the time of his plea hearing so that his plea was entered in violation of the mandates set forth in <u>Boykin v. Alabama</u>?

(Dkt. No. 25-10 at 3 of 13.) The Supreme Court of South Carolina entered an order denying

the petition on March 2, 2011. (<u>See</u> Dkt. No. 25-12.) The matter was remitted to the lower

court on March 21, 2011. (<u>See</u> Dkt. No. 25-13.)

Petitioner then filed the instant habeas action raising the following grounds for review

(verbatim):

**Ground One**: Ineffective of trial counsel
**Supporting Facts**: Counsel was ineffective by allowing the applicant to plead guilty to distribution of crack cocaine where there was a material variance between the allegations in the indictment and the proof presented at guilty plea hearing which rendered applicant plea of guilty not knowingly and voluntarily made.

**Ground Two:** Ineffective assistance of counsel
**Supporting Facts**: Counsel was ineffective by failing to inform applicant that the Court was required to obtain a written waiver of presentment instead of an oral waiver prior to accepting the applicant plea.

**Ground Three**: Counsel was ineffective
**Supporting Facts**: Counsel was ineffective by allowing applicant to plead guilty to distribution of crack cocaine when counsel knew the State failed to establish a complete chain of custody of the alleged illegal substance which rendered applicant plea of not guilty knowingly and voluntarily made.

**Ground Four**: Involuntary guilty plea
**Supporting Facts**: Applicant was under the influence of drugs and alcohol at the time of plea and was incompetent to enter plea.

(Dkt. No. 1.) On or about June 2, 2011, Petitioner filed a Memorandum of Law in support

of his § 2254 petition. (<u>See</u> Dkt. No. 10.) In that memorandum, Petitioner contends, *inter*

*alia*, that (a) the "prosecution unconstitutionally proceeded upon an indictment for distribution of crack cocaine attempting to have petitioner waive presentment"; (b) the court lacked jurisdiction to accept a plea for distribution of crack cocaine; and (c) he was "coerced to waive presentment unconstitutionally." (See Dkt. No. 10 at 2 of 4.) Respondent treats these three grounds raised in the memorandum as Grounds Five through Seven. (See Mem. in Supp. of Mot. for Summ. J. at 6.)

## APPLICABLE LAW

### Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

### Habeas Standard of Review

Since the Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 322-23 (1997); Breard v. Pruett, 134 F.3d 615, 618 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding.

28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 410.

**Exhaustion and Procedural Bar**

Exhaustion and procedural bypass are separate theories which operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts. The two theories rely on the same rationale. The general rule is that a petitioner must present his claim to the highest state court with authority to decide the issue before the federal court will consider the claim.

A. Exhaustion

The theory of exhaustion is based on the statute giving the federal court jurisdiction of habeas petitions. Applications for writs of habeas corpus are governed by 28 U.S.C. § 2254, which allows relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States." The statute states in part:

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that

> > (A) the applicant has exhausted the remedies available in the courts of the State; or

> > (B) (i) there is either an absence of available State corrective process; or

6

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

This statute clearly requires that an applicant pursue any and all opportunities in the state courts before seeking relief in the federal court. When subsections (b) and (c) are read in conjunction, it is clear that § 2254 requires a petitioner to present any claim he has to the state courts before he can proceed on the claim in this court. The United States Supreme Court has consistently enforced the exhaustion requirement.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. SCAR 201; SCAR 207; SCAR 208; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for PCR. S.C. CODE ANN. § 17-27-10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. S.C. CODE ANN. § 17-27-90. A PCR applicant cannot assert claims on collateral attack which could have been raised on direct appeal. Simmons v. State, 264 S.C. 417, 215 S.E.2d 883 (1975). Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. CODE ANN. § 17-27-45.

7

When the petition for habeas relief is filed in the federal court, a petitioner may present only those issues which were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. Patterson v. Leeke, 556 F.2d 1168 (4th Cir. 1977); Richardson v. Turner, 716 F.2d 1059 (4th Cir. 1983).

B. Procedural Bypass

Procedural bypass is the doctrine applied when the person seeking relief failed to raise the claim at the appropriate time in state court and has no further means of bringing that issue before the state courts. If this occurs, the person is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has clearly stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. Smith v. Murray, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings, if a state has procedural rules which bar its courts from considering claims not raised in a timely fashion. The two routes of appeal in South Carolina are described above, (i.e., direct appeal, appeal from PCR denial) and the South Carolina Supreme Court will refuse to consider claims raised in a second appeal which could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court.

If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. State procedural rules promote

> not only the accuracy and efficiency of judicial decisions, but also the finality
> of those decisions, by forcing the defendant to litigate all of his claims

8

> together, as quickly after trial as the docket will allow, and while the attention
> of the appellate court is focused on his case.

Reed v. Ross, 468 U.S. 1, 10-11 (1984).

If a federal habeas petitioner can show (1) cause for his failure to raise the claim in the state courts, and (2) actual prejudice resulting from the failure, a procedural bar can be ignored and the federal court may consider the claim. Where a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. Murray v. Carrier, 477 U.S. 478, 496 (1986).

### C. Inter-relation of Exhaustion and Procedural Bypass

As a practical matter, if a petitioner before this court has failed to raise a claim in state court, and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. Matthews v. Evatt, 105 F.3d 907 (4th Cir. 1997)(citing Coleman v. Thompson, 501 U.S. 722, 735 n. 1 (1991); Teague v. Lane, 489 U.S. 288,297-98 (1989); and George v. Angelone, 100 F.3d 353,363 (4th Cir. 1996)).

### D. Cause and Actual Prejudice

The requirement of exhaustion is not jurisdictional and this court may consider claims which have not been presented to the South Carolina Supreme Court in limited circumstances. Granberry v. Greer, 481 U.S. 129, 131 (1987). In order to have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray, 477 U.S. 478. A petitioner may prove cause

if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, demonstrate the novelty of a particular claim, or show interference by state officials. Id.

Absent a showing of "cause," the court is not required to consider "actual prejudice." Turner v. Jabe, 58 F.3d 924, 931 (4th Cir. 1995). However, if a petitioner demonstrates sufficient cause, he must also show actual prejudice in order to excuse a default. Murray, 477 U.S. at 492. To show actual prejudice, the petitioner must demonstrate more than plain error. He is required to prove that specific errors infected the trial and were of constitutional dimensions. United States v. Frady, 456 U.S. 152 (1982).

## DISCUSSION

Respondent moved for summary judgment on all of Petitioner's grounds for relief. (See Dkt. No. 26; Dkt. No. 25.) The undersigned will address all of Petitioner's grounds in turn.

### A. Ground One

As noted above, Petitioner contends that his trial counsel was ineffective for numerous reasons. (See Dkt. No. 1.) In Ground One, Petitioner contends his counsel was ineffective "by allowing [him] to plead guilty to distribution of crack cocaine where there was a material variance between the allegations in the indictment and the proof presented at guilty plea hearing which rendered [his] plea of guilty not knowing and voluntarily made." (Dkt. No. 1.)[2]

Respondent contends that he is entitled to summary judgment on Ground One because Petitioner "has procedurally defaulted on this claim by failing to present it to the

---

[2]The claim in Ground One is an ineffective assistance claim, as Petitioner claims that counsel's error led him to enter into the guilty plea involuntarily. See Thomas v. Eagleton, 693 F. Supp. 2d 522, 531-32 (D.S.C. 2010).

state PCR court." (Mem. in Supp. of Mot. for Summ. J. at 12.) Petitioner "objects," contending he has not procedurally defaulted on Ground One because he presented this claim in his PCR application. (See Resp. in Opp'n at 3-4 of 7.)

It is clear that Petitioner raised this claim in his PCR petition filed on or about July 31, 2006. (See Dkt. No. 25-1 at 34-40 of 62.) It is less clear whether Petitioner raised this claim in his petition for writ of certiorari; in that petition, Wooden argued the PCR judge erred "in denying relief despite plea counsel's providing ineffective assistance of counsel in advising petitioner to waive presentment in order to enter a guilty plea to a crime he had not committed and which the State could not prove." (See Dkt. No. 25-10 at 3 of 13.) Reviewing the details of Petitioner's arguments on that claim, however, it is clear that Ground One was raised in the petition for writ of certiorari. (See Dkt. No. 25-10 at 6-7 of 13.) Respondent's argument that Petitioner procedurally defaulted on this ground is therefore without merit.

Despite Respondent's incorrect contention that Ground One is procedurally defaulted, Respondent is entitled to summary judgment on the merits. Strickland v. Washington, 466 U.S. 668 (1984), states that a meritorious ineffective assistance of counsel claim must demonstrate two things: first, that counsel's performance was deficient and, second, that counsel's deficient performance prejudiced the defense. Id. at 687–96. A court's evaluation of counsel's performance under this standard must be "highly deferential," so as to not "second-guess" the performance. Id. at 689. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. Id. (internal quotation marks and citation omitted); see also Bowie v. Branker, 512 F.3d 112, 119 n.8 (4th Cir. 2008); Fields v. Att'y Gen. of Md., 956 F.2d 1290, 1297–99 (4th Cir. 1992); Roach v. Martin, 757 F.2d 1463, 1467 (4th Cir. 1985). In order to establish the second prong of

Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable probability" has been defined as "a probability sufficient to undermine confidence in the outcome." Id.

The two-part test enunciated in Strickland applies to challenges to guilty pleas based on ineffective assistance of counsel. See Hilll v. Lockhart, 474 U.S. 52, 58 (1985). "[I]n order to satisfy the 'prejudice' requirement [set forth in Strickland], the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59.

The PCR court, applying Strickland and Hill, addressed Petitioner's claim that his counsel was ineffective "in allowing [him] to plead guilty to Distribution of Crack Cocaine because the substance was in fact cocaine, not crack cocaine." (App. 100.) Although Petitioner was initially charged with distribution of crack cocaine, he was indicted for distribution of cocaine because a chemical analysis of a sample revealed the substance to be cocaine. (See App. at 100.) The PCR court judge addressed this ground as follows:

> As the solicitor, John W. Weeks, Esquire, noted at the guilty plea and explained at [the] PCR hearing, the substance in this case was tested by a chemist. The sample that was analyzed was proven to be cocaine, not crack cocaine. Applicant was therefore originally indicted for Distribution of Cocaine. At the time of the narcotics transaction, all parties believed that the substance was crack cocaine. During the plea bargain process, counsel discussed the matter with the solicitor, who was willing to allow Applicant to plead to Distribution of Crack Cocaine instead of Distribution of Cocaine. At the time of the plea, Distribution of Crack Cocaine did not carry a minimum sentence, but Distribution of Cocaine would have carried a minimum of fifteen (15) years. The chemist results were explained during the guilty plea. Applicant contended during the guilty plea that ht had indeed sold crack cocaine.
>
> I find that counsel's efforts at plea negotiations in this case do not constitute ineffective assistance. In any event, Applicant has failed to demonstrate prejudice in this regard. There was already an indictment pending for Distribution of Cocaine. Therefore, if Applicant had decided not to go forward with the plea, he would have been tried for Distribution of Cocaine, and the chemist's report would have been consistent. It strains

12

credulity that Applicant would have turned down the plea offer with no minimum sentence had Applicant known that he would be tried for Distribution of Cocaine when the substance was cocaine and would face a minimum sentence of 15 years. For these reasons, I find that counsel was not ineffective in this regard.

(See Dkt. No. 25-2 at 41-42 of 58.)

The PCR court's determination of this issue is not contrary to, or an unreasonable application of, clearly established federal law; nor does it involve an unreasonable determination of the facts. Petitioner was indicted by a grand jury for Distribution of Cocaine, which had a minimum sentence of fifteen years, and the jury for this trial had already been selected at the time Petitioner pled guilty. Moreover, the crime he pled guilty to–Distribution of Crack Cocaine–did not have a minimum sentence.[3] In addition, as the PCR judge noted, Petitioner admitted at his guilty plea that what he sold was indeed crack cocaine. (See Dkt. No. 25-1 at 14 of 16.) The solicitor laid out the facts for the guilty plea, indicating that the Aiken County Sheriff's Department had set up an undercover operation wherein one of the officers videotaped a transaction between Petitioner and a confidential informant. (Id. at 12.) The solicitor stated that the "informant was captured on videotape selling or purchasing crack cocaine from the defendant," and while the State was prepared to go to trial on the indictment for Distribution of Cocaine, it "agreed to accept" Distribution of Crack Cocaine. (Id.) The solicitor further stated,

I have discussed this matter with our chemist. She said depending on the section of the actual crack cocaine that she pulled for analysis, it basically depends on how long the crack cocaine was cooked as to whether or not all the -- there's some additional product that's contained in cocaine that is not in crack cocaine. The processing cooks it away. The particular piece she analyzed or the piece that she analyzed came back positive for cocaine, indicating that particular section of the crack had not been cooked as long as perhaps the defendant thought, that the crack cocaine was crack cocaine, and

_____

[3]Distribution of Cocaine and Distribution of Crack Cocaine carried the same maximum sentence: thirty years.

13

in fact portions of it may have been crack cocaine, but every last little molecule of the sample is not tested. So we thought we were purchasing crack cocaine, and the police thought they were purchasing crack cocaine also. . . .

(Id. at 12-13.) After this recitation of the facts, the following colloquy occurred between the Court and Petitioner:

THE COURT: Let me find out, Mr. Wooden, do you have any material disagreement with the facts as laid out by the Solicitor?

THE WITNESS: No, sir.

THE COURT: I'm sorry?

THE WITNESS: No, sir.

THE COURT: And it's your contention that you did in fact sell them crack cocaine?

THE WITNESS: Yes, sir.

THE COURT: I'm sorry?

THE WITNESS: Yes, sir.

(Id. at 13-14.)

On these facts, Petitioner does not satisfy the standard set forth in § 2254, and he has not shown that his counsel was ineffective in Ground One. When he was asked at the PCR hearing about what his defense was going to be at trial, Petitioner stated, "Well, we basically we ain't had no [sic] defense." (App. at 56-57.) The plea negotiations allowed Petitioner to avoid a trial on a charge with a mandatory minimum, while putting him at no greater risk of a maximum sentence. Nor does the PCR court's determination that Petitioner cannot establish prejudice satisfy the § 2254 standard. As the PCR judge noted, a grand jury had indicted Petitioner for Distribution of Cocaine, and the chemist's report was consistent with that charge. The PCR court concluded that Petitioner was not credible in his

testimony that, but for counsel's alleged ineffectiveness, he would have not pled guilty and gone to trial. (Id. at 12-13.) See Perry v. Watson, No. 3:08CV63, 2009 WL 256396, at *2 (E.D. Va. Feb. 3, 2009) ("[I]n light of the likelihood of Petitioner's conviction after a trial, and that by pleading guilty he substantially reduced his term of imprisonment, Petitioner fails to demonstrate a reasonable probability that he would have pled not guilty and insisted upon a trial."). Petitioner has not shown the PCR court's decision resulted in a decision that (a) was contrary to, or involved an unreasonable application of, clearly established federal law, or (b) involved an unreasonable determination of the facts. The undersigned therefore recommends granting summary judgment to Respondent on Ground One.

**B. Ground Two**

Petitioner claims in Ground Two that his counsel was ineffective in failing to inform him "that the Court was required to obtain a written waiver of presentment instead of an oral waiver prior to accepting the . . . plea." (Dkt. No. 1.) In rejecting this claim, the PCR judge noted that on March 16, 2004, Petitioner "made an oral waiver of presentment during his guilty plea," and on Petitioner's request, sentencing was deferred until March 17, 2004. (Dkt. No. 25-2 at 42 of 58.) The sentencing judge originally signed the sentencing sheet on March 16, 2004, but crossed that date out and listed the date as March 17, 2004. (Id.) The PCR judge noted, however, that "no dates are listed near the signature of the defendant." (Id.) Quoting State v. Gentry, 363 S.C. 93, 102 n.6, 610 S.E.2d 494, 499 n.6 (2005), the PCR judge stated,

> We note that a presentment of an indictment or a waiver of presentment is not needed to confer subject matter jurisdiction on the circuit court. However, an indictment is needed to give *notice* to the defendant of the charge(s) against him. A defendant must object if he is not presented with the indictment or if he has not waived his right to presentment. If the defendant does not object, he is deemed to have waived his right to the presentment.

15

(Dkt. No. 25-2 at 42 of 58 (citations omitted).) The PCR judge then quoted a passage from State v. Smalls, 364 S.C. 343, 347, 613 S.E.2d 754, 756 (2005), wherein the South Carolina Supreme Court held that "signing a sentencing sheet for a charge to which a defendant has pled guilty constitutes a written waiver of presentment." (Id. at 43.) The South Carolina Supreme Court further noted that "a signed document that informs a defendant of the charges against him, such as a sentencing sheet, gives rise to a presumed regularity in the proceedings and signifies that the defendant has been notified of the charges to which he has pled guilty." Smalls, 364 S.C. at 347, 613 S.E.2d at 756.

The PCR judge rejected this claim of ineffective assistance, stating,

> I note that the plea judge thoroughly explained the waiver of presentment on the record. Applicant took additional time during the plea to confer with his attorney regarding the waiver of presentment. Following the court's instructions and the additional time with his attorney, Applicant informed the court that he wished to waive presentment and proceed with the guilty plea. I find that Applicant has not carried his burden of showing deficient performance of counsel with regard to the waiver of presentment. Moreover, Applicant has demonstrated no prejudice such that he would have not pled guilty but insisted on proceeding with trial from any alleged error.

(Dkt. No. 25-2 at 43 of 58.)

Petitioner alleges he did not sign the written waiver of presentment *before* his guilty plea and that as a result, his counsel was constitutionally ineffective. The undersigned recommends granting summary judgment to Respondent on this claim. In Odom v. State, 350 S.C. 300, 302, 566 S.E.2d 528, 529 (2002), the South Carolina Supreme Court concluded that the trial court lacked subject matter jurisdiction to accept the petitioner's plea because "an oral waiver [of presentment] is not sufficient." However, any requirement of a written waiver is a matter of state law, not federal law. See Crocker v. McCall, C/A No. 4:07-4011-PMD-TER, 2009 WL 764432, at *3 (D.S.C. Mar. 19, 2009) (noting that the petitioner's right to a grand jury indictment was a right guaranteed by the South Carolina Constitution–a

16

matter of state law–but that even if the district court "were empowered to review the matter, Petitioner would have no claim" because a waiver of the right to a grand jury "is valid where the waiver is knowing, voluntary, and intelligent," and "a formal and explicit oral waiver of this right at a plea hearing is sufficient to constitute a valid waiver"). Similarly, any allegation that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[F]ederal habeas corpus relief does not lie for errors of state law."); see also Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) (holding jurisdiction is a matter of state law); Von Longmore v. South Carolina, No. C.A. 9:05-CV-2112-MBS, 2006 WL 2827416, at *6 (D.S.C. Sept. 27, 2006) ("Petitioner is not entitled to federal habeas relief because the subject matter jurisdiction of a state trial court is a state law issue.").

Petitioner's claim with respect to Ground Two does not meet the stringent standard set forth in § 2254. The PCR judge concluded that Petitioner failed to demonstrate prejudice with respect to this claim. (Dkt. No. 25-2 at 43 of 58.) The state court decision was not contrary to clearly established federal law, nor did it involve an unreasonable determination of the facts. As noted above, Petitioner's jury trial on the charge of Distribution of Cocaine–a charge that carried a minimum term of imprisonment–was about to begin when he was allowed to plead guilty to Distribution of Crack Cocaine, a charge that carried no minimum term (but the same maximum term as Distribution of Cocaine). Petitioner has not shown that he would not have pled guilty but instead would have insisted on going to trial. See Phillips v. Warden, No. 4:07-652-SB, 2008 WL 355604, at *8 (D.S.C. Feb. 7, 2008) (rejecting the claim that trial counsel was ineffective for failing to object to the allegedly defective indictment on the basis that it was not presented to the grand jury because "[e]ven assuming, *arguendo*, that petitioner's counsel was ineffective," petitioner has not shown prejudice because he "entered into a plea agreement that by allowing the Cherokee County

17

cases to be resolved in Spartanburg County, the State agreed to allow the cases from both counties to be handled together so that petitioner would avoid a sentence under the 'two strikes' law"). The undersigned therefore recommends granting summary judgment on Ground Two.

**C.   Ground Three**

In Ground Three, Petitioner claims that his counsel was ineffective in allowing him to plead guilty to Distribution of Crack Cocaine "when counsel knew the State failed to establish a complete chain of custody of the alleged illegal substance." (Dkt. No. 1.) The PCR court rejected the Petitioner's claim that counsel was ineffective "in failing to challenge the chain of custody of the narcotics because the confidential informant's (CI's) signature does not appear on one of the documents." (Dkt. No. 25-2 at 43 of 58.) The PCR judge noted counsel's testimony "that the solicitor's policy was that the name of a CI would not be revealed during plea negotiations." (Id.) The following colloquy between trial counsel and PCR counsel occurred at the PCR hearing:

> Q. . . . And I will just represent to you that nowhere does the confidential informant's signature appear on any of these documents regarding the chain of custody. Is that something you would have challenged?
>
> A. Oh, yes. The solicitor's office's strategy was frequently to not reveal the confidential informant, and they had various ways of trying to get around that including not having their signature, but it obviously created a problem with them in the chain of custody, and I would have challenged that at trial.
>
> Q. Do you know–
>
> A. I don't know if it would have been successful, but—
>
> Q. And did you make that challenge?
>
> A. No, the case didn't go forward to trial.

(App. at 80.)

After reviewing trial counsel's testimony, the PCR court rejected the claim, stating,

> At the time of the guilty plea, a jury had been drawn, and if Applicant proceeded to trial that information [(the identity of the confidential informant)] would have been revealed. Therefore, counsel was not ineffective in failing to address this issue prior to the plea.
>
> Moreover, based on the plea transcript and the testimony at PCR hearing, I find that Applicant freely and voluntarily waived his right to a jury trial, and therefore waived his right to challenge the evidence against him, including the chain of custody. "The general rule is that guilty pleas, freely and voluntarily entered, act as a waiver of all non-jurisdictional defects and defenses." Whetsell v. State, 276 S.C. 295, 297, 277 S.E.2d 891, 892 (1981). I find that counsel made the appropriate review of evidence against the applicant and rendered advice that was reasonable under professional norms. Applicant has failed to demonstrate any prejudice in this regard.

(Dkt. No. 25-2 at 43-44 of 58.)

The undersigned recommends granting summary judgment to Respondent on Ground Three. While Petitioner claims herein that his counsel was ineffective in allowing him to plead guilty when she "knew the State failed to establish a complete chain of custody of the alleged illegal substance," the record of the PCR hearing reveals no problem with the chain of custody. (See Dkt. No. 1; see also App. at 52-56.) In fact, at the PCR hearing, Petitioner admitted that the chain of custody went from the CI to the investigating officer, from the investigating officer to the drug locker, and from the drug locker to the SLED chemist. (App. at 53.) Petitioner also knew the identity of the confidential informant at the time of the PCR hearing and identified him as Ricky Doolittle. (Id.) Moreover, trial counsel testified at the hearing that she would have challenged the chain of custody at trial had the case gone forward, but the solicitor's office would "frequently" withdraw from plea negotiations if they were required to reveal the identity of the confidential informant. (App. at 80-81.) She testified that she did not know whether a challenge to the chain of custody would have been successful or not. (Id. at 80.)

The undersigned agrees with Respondent that "[b]ecause it was not unusual for the informant's name to be redacted from discovery materials, it was likewise reasonable under Strickland for counsel not to advise Wooden to forego a favorable plea bargain in order to ascertain the informant's identity." (Mem. in Supp. at 33.) Petitioner has not shown that the PCR court's determination of this issue was contrary to clearly established federal law, nor has Petitioner shown the state court's determination was based on an unreasonable determination of the facts. The PCR court determined that trial counsel was not ineffective in failing to challenge the chain of custody prior to trial because the identity of the confidential informant would have been revealed at trial. (See Dkt. No. 25-2 at 43-44 of 58.) As Respondent noted, Petitioner had a choice: he could plead guilty, or he could go to trial and challenge the chain of custody. Where–as here–there is no evidence that the chain of custody was in fact assailable, counsel was not ineffective in allowing Petitioner to plead guilty. See Knowles v. Bazzle, No. 2:06-cv-1424-GRA-RSC, 2007 WL 1594412, at *8 (D.S.C. June 1, 2007) ("The record supports Judge Miller's determination that Petitioner failed to demonstrate a problem with the chain of custody, which in turn supports his determination that there was no error by counsel and no prejudice to Petitioner. The state court decision cannot be said to be contrary to clearly established federal law nor that it involved an unreasonable application of clearly established federal law."); Hill v. Reed, No. 2:06 0812 MBS, 2006 WL 3354509, at *7 (D.S.C. Nov. 17, 2006) (concluding petitioner was not entitled to relief under § 2254 where trial counsel stipulated to the chain of custody and stating, "The petitioner did not present any evidence at the PCR hearing that there was any defect in the chain of custody . . . . See, e.g., Pryor v. Norris, 103 F.3d 710, 713-14 (8th Cir. 1997) (defendant failed to establish prejudice from counsel's failure to object to chain of custody because she failed to show objection would have been sustained or that prosecution would not have established complete chain of custody if objection had been

made)."); see also Cowans v. Bagley, 639 F.3d 241, 252 (6th Cir. 2011) (rejecting petitioner's claim that trial counsel should have challenged whether the evidence remained in the police's chain of custody because, *inter alia*, the claim "falters on the prejudice prong of Strickland" where the petitioner "has not provided any evidence . . . that raises a question about whether the palm print in fact ever left the State's custody"). Respondent is therefore entitled to summary judgment on this claim.

**D. Ground Four**

In Ground Four, Petitioner claims his guilty plea was involuntary because he was "under the influence of drugs and alcohol at the time of plea and was incompetent to enter plea." (Dkt. No. 1.) The PCR judge noted Petitioner's testimony at the PCR hearing that "he had consumed alcohol and cocaine the night before his guilty plea and was 'probably still feeling it' at the time of his plea." (Dkt. No. 25-2 at 44 of 58; see also App. 58-59.) However, the PCR judge rejected this claim, stating,

> Assistant Solicitor Weeks testified that he was present at the plea and testified that Applicant did not appear to be intoxicated. Plea counsel also testified that Applicant did not appear to be intoxicated. Both the solicitor and plea counsel testified that had Applicant appeared to be intoxicated, they would have brought this to the attention of the judge immediately. I further note that Applicant gave appropriate answers to all questions asked by the plea judge. Further, Applicant claimed only that he was intoxicated on March 16, 2004, the day of the plea. On March 17, 2004, Applicant returned to court and proceeded with sentencing without expressing any concern over his mental state the day before. For these reasons, I find Applicant has failed to prove by a preponderance of the evidence that he was incompetent when he entered his guilty plea.

(Dkt. No. 25-2 at 44-45 of 58.)

In Shaw v. Martin, 733 F.2d 304, 314 (4th Cir. 1984), the Fourth Circuit noted that the standard for competence to plead guilty is the same standard as competence to stand trial. Citing Dusky v. United States, 362 U.S. 402 (1960) (per curiam) and United States v. Truglio, 493 F.2d 574, 578 (4th Cir. 1974), the Fourth Circuit stated that "in order to show

incompetence to plead guilty, a defendant must demonstrate that his mental faculties were so impaired when he pleaded that he was incapable of a full understanding and appreciation of the charges against him, of comprehending his constitutional rights and of realizing the consequences of his plea." <u>Shaw</u>, 733 F.2d at 314; <u>see also Godinez v. Moran</u>, 509 U.S. 389 (1993).[4]

The undersigned recommends granting summary judgment to Respondent on Ground Four. The PCR judge "f[ound that Petitioner] . . . failed to prove by a preponderance of the evidence that he was incompetent when he entered his guilty plea." (Dkt. No. 25-2 at 45 of 58.) This conclusion is not contrary to clearly established federal law, nor is it an unreasonable determination of the facts. As noted by the PCR judge, Petitioner did not claim he was intoxicated at the time of sentencing, nor did Petitioner claim at sentencing that he had been intoxicated the day before. Moreover, both trial counsel and the solicitor testified that Petitioner did not appear to be intoxicated at the time of the plea, but if he had appeared intoxicated, they would have brought it to the judge's attention immediately. Indeed, the transcript of the plea hearing reveals that Petitioner answered the judge's questions appropriately. The following colloquy occurred at the plea hearing:

> THE COURT: All right, sir. Do you wish to waive your right to a jury trial and plead guilty to distribution of crack cocaine? This would be a third offense. Do you understand that?
>
> THE WITNESS: Yes, sir.
>
> THE COURT: Do you wish to plead guilty to that charge?
>
> THE WITNESS: Yes, sir.

---

[4]The standard for competence to stand trial set forth in <u>Dusky</u> is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding–and whether he has a rational as well as factual understanding of the proceedings against him." <u>Dusky</u>, 362 U.S. at 402.

THE COURT: Okay. I understand this is without negotiation or recommendation, sir. You understand that distribution of crack cocaine third carries a maximum penalty of 30 years, sir. Do you understand that? You understand, sir, that the sentencing range for distribution of crack third is between 0 and 30 years and carries a minimum of $100,000 fine. Do you understand that?

THE WITNESS: Yes, sir.

THE COURT: And you still wish to go forward?

THE WITNESS: Yes, sir.

THE COURT: You understand, sir, that any sentence served on distribution of crack cocaine third carries 85 percent service of that sentence?

THE WITNESS: Yes, sir.
. . .
THE COURT: Anybody threaten or mistreat you or coerce you in any way to get you to plead guilty?

THE WITNESS: No, sir.

THE COURT: Pleading guilty of your own freewill and accord, sir?

THE WITNESS: Yes, sir.

(Dkt. No. 25-1 at 9-10 of 62.)

There is nothing in the record of Petitioner's guilty plea or sentencing to suggest he was under the influence of drugs or alcohol; the first allegation that he was under the influence at the time of his guilty plea appeared in his application for PCR. As noted by the PCR judge, however, Petitioner appropriately responded to questions from the Court, and both plea counsel and the solicitor testified that Petitioner did not appear intoxicated at the time of the plea. The undersigned recommends granting summary judgment to Respondent on this claim because the PCR court's determination with respect to Ground Four was not contrary to clearly established federal law, nor was it an unreasonable determination of the facts. See Burket v. Angelone, 208 F.3d 172, 192-93 (4th Cir. 2000) (citing United States v. Caicedo, 937 F.2d 1227, 1232-33 (7th Cir. 1991) for the proposition that counsel not

raising the competency issue "was probative of the fact that defendant was competent");
see also Pettinato v. Eagleton, No. 2:05-1226-PMD-RSC, 2007 WL 3992494, at *22 (D.S.C. Nov. 15, 2007) ("[T]he plea colloquy reveals that his plea was indeed voluntary: it reveals that he had sufficient time to consult with his attorney, he knew he was waiving the right to continue with his jury trial, and he had not been promised anything in order to plead guilty. Such statements reveal Pettinato's claim that his plea was involuntary is meritless.").

## E.    Grounds Five Through Seven

In his Memorandum of Law in support of his § 2254 petition, Wooden contended that (a) the "prosecution unconstitutionally proceeded upon an indictment for distribution of crack cocaine attempting to have petitioner waive presentment"; (b) the court lacked jurisdiction to accept a plea for distribution of crack cocaine; and (c) he was "coerced to waive presentment unconstitutionally." (See Dkt. No. 10 at 2 of 4.) The undersigned agrees with Respondent that these three claims are procedurally defaulted, as Petitioner did not raise them in state court. (See Mem. in Supp. at 40.)[5] The undersigned also agrees with Respondent that Petitioner cannot show cause for the default or prejudice. (Id.) Because these three claims are procedurally defaulted, the undersigned recommends granting summary judgment to Respondent on Grounds Five through Seven.

**CONCLUSION**

---

[5]In his Response in Opposition, Petitioner did not address Grounds Five through Seven. (See Dkt. No. 29.)

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 26) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

April 25, 2012
Charleston, South Carolina

**The Petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).