UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Deangelo Wooden, | ) | C/A No. 2:11-0981-JFA-BHH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Leroy Cartledge, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Deangelo Wooden, is an inmate with the South Carolina Department of Corrections. He brings this action pursuant to 28 U.S.C. § 2254 challenging his state court convictions for distribution of cocaine. He asserts that his state trial counsel was ineffective for allowing the petitioner to plead guilty and that at the time of his plea, he was under the influence of drugs and alcohol.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and opines that the respondent's motion for summary judgment[2] should be granted. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation and without a hearing.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

[2] An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on April 25, 2012. The petitioner filed timely objections to the Report. Thus, this matter is ripe for review.

The Report recites the factual and procedural background giving rise to this action. Briefly, the petitioner pled guilty to distribution of crack cocaine, third offense. He was sentenced to 18 years imprisonment. Petitioner filed a direct appeal which was dismissed by on April 17, 2006.

Petitioner then filed an application for post-conviction relief (PCR) raising claims of ineffective assistance and an involuntary guilty plea. He also amended his PCR to assert that he was under the influence of drugs and alcohol at the time of the plea and was therefore incompetent to enter a plea. After an evidentiary hearing was held, the PCR judge dismissed the application.

The petitioner then filed a writ of certiorari with the South Carolina Supreme Court, which denied the writ, with the remittitur issued on March 21, 2011.

In his present federal petition, Wooden claims that counsel was ineffective by (1) allowing him to plead guilty to crack distribution where there was a material variance between the allegations in the indictment and the proof presented at his guilty plea hearing; (2) failing to inform him that the court was required to obtain a written waiver of presentment; (3) allowing the petitioner to plead guilty when the State failed to establish a complete chain of custody; and (4) petitioner was under the influence of drugs and alcohol at the time of his plea, thus rendering him incompetent to enter a plea. In his memorandum in support of the § 2254 petition, Wooden raises three additional grounds that (1) the State

unconstitutionally proceeded on an indictment for crack distribution attempting to have the petitioner waive presentment; (2) the court lacked jurisdiction to accept a plea for crack distribution; and (3) the petitioner was coerced to waive presentment unconstitutionally.

*Ineffective Assistance of Counsel*

In Ground 1, the respondent contends that the petitioner has procedurally defaulted by failing to present it to the State PCR court. However, the Magistrate Judge finds that the petitioner clearly raised this claim in his PCR petition. The PCR court addressed the petitioner's claim that his counsel was ineffective in allowing him to plead guilty to distribution of crack cocaine because the substance was actually cocaine, not crack. The petitioner was initially charged with crack cocaine, but indicted for cocaine because a chemical analysis of the sample revealed the substance to be cocaine. The PCR court noted that the solicitor was willing to allow petitioner to plead to distribution of crack cocaine instead of cocaine and at the time of the plea, crack distribution did not carry a minimum sentence of 15 years as distribution of cocaine did. The petitioner contended during the guilty plea that he had sold crack cocaine. The PCR judge noted that "it strains credulity" that the petitioner would have turned down the plea offer with no minimum sentence had he known that he would be tried for cocaine distribution and the substance was actually cocaine and not crack and would face a minimum of 15 years. The PCR judge ultimately found counsel was not ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984) and *Hill v. Lockhart*, 474 U.S. 52 (1985).

The Magistrate Judge opines, and this court agrees, that the PCR court's determination on this issue was not contrary to, or an unreasonable application of clearly established federal

law, nor does it involve an unreasonable determination of the facts. Petitioner was indicted for distribution of cocaine (which carried a minimum sentence of 15 years), but the crime he was allowed to plead guilty to was distribution of *crack* cocaine (which did not have a minimum sentence). Further, the PCR court found the petitioner not credible in his testimony that but for counsel's alleged ineffectiveness, he would have not pled guilty and gone to trial.

*Oral Waiver of Presentment*

Petitioner's second ground is that counsel was ineffective for failing to inform him that the court was required to obtain a written not an oral waiver prior to accepting the plea. The PCR court found that petitioner made an oral waiver of presentment during the guilty plea and noted that the plea judge thoroughly explained the waiver of presentment on the record and that petitioner wished to waive presentment and proceed with the guilty plea. The PCR judge ultimately found that the petitioner did not show deficient performance of counsel in this regard. The Magistrate Judge opines that any requirement of a written waiver is a matter of state law, not federal law, and any allegation that the trial court lacked subject matter jurisdiction is not cognizable on federal habeas review. Further, the Magistrate Judge opines, and this court agrees, that the state court's decision was not contrary to clearly established federal law, nor did it involve unreasonable determination of the facts.

*Chain of Custody Claim*

With regard to the claim of an incomplete chain of custody of the alleged illegal substance, the PCR court rejected this notion finding that the petitioner freely and voluntarily waived his right to a jury trial and also waived his right to challenge the evidence against him. The Magistrate Judge agrees with the respondent that because it was not unusual for

4

the confidential informant's named to be redacted from discovery materials, it was likewise reasonable under *Strickland* for counsel not to advise the petitioner to forego a favorable plea bargain in order to obtain the informant's identity. This court agrees that counsel was not ineffective in allowing petitioner to plea guilty and that the state court's decision was not contrary to clearly established federal law, nor did it involve unreasonable determination of the facts.

### *Guilty Plea Under the Influence of Drugs*

In Ground 4, petitioner claims his guilty plea was involuntary because he was under the influence of drugs and alcohol at the time of his plea and was therefore incompetent to enter a plea. The PCR judge rejected this claim and found the petitioner was not incompetent when he entered his guilty plea. Moreover, petitioner did not claim he was intoxicated at the time of sentencing or the day before, nor did trial counsel or the solicitor find him under the appearance of intoxication. Petitioner appropriately responded to questions from the PCR court. The Magistrate Judge concludes that the PCR court's determination was not contrary to clearly established law, nor was it an unreasonable determination of the facts.

### *Remaining Claims — Procedural Default*

Finally, as to the last three ground petitioner raises in his memorandum, the Magistrate Judge agrees with the respondent that these three claims are procedurally defaulted because the petitioner did not raise them in state court, nor can he provide cause for the default or prejudice. The undersigned agrees, and grants summary judgment to the respondent on these three claims.

In his petition, Wooden cannot show that the PCR court's decisions were contrary to or unreasonable applications of clearly established federal law under *Strickland*, nor were the PCR court's decisions based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. As such, his claims fail.

The court has carefully reviewed all of the objections made by the petitioner and has conducted the required *de novo* review. The court finds that the petitioner's objections are duplicative of the claims he has raised in his petition. This court determines that the Magistrate Judge's recommended disposition is correct. Accordingly, the objections are all overruled and the Report and Recommendation is incorporated herein by reference. The respondent's motion for summary judgment (ECF No. 26) is granted and the habeas petition is denied.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[3]

IT IS SO ORDERED.

August 23, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[3] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001).